IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARCO MOUTON**                                                                         **PLAINTIFF**

v.                                              **CIVIL ACTION NO. 1:16-cv-73-HSO-JCG**

**MARSHALL FISHER,**
**HUBERT DAVIS, and**
**DARLENE NIX**                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for recommendation of dismissal. For the reasons that follow, the undersigned recommends that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with the Orders of the Court.

### BACKGROUND AND PROCEDURAL HISTORY

When Plaintiff filed this 42 U.S.C. § 1983 suit on February 29, 2016, he was a postconviction inmate incarcerated at the South Mississippi Correctional Institute in Leakesville, Mississippi ("SMCI"). Plaintiff filed a change of address on October 11, 2016, indicating that he had been released from SMCI and now resided in Meridian, Mississippi.

On October 12, 2016, an Order Setting Omnibus Hearing and Notice of Hearing issued. (ECF No. 21). The Order and Notice were mailed to Plaintiff by the Clerk of Court via certified mail to Plaintiff's address of record in Meridian. The envelope containing the Order, however, could not be tracked through the United States Postal Service. Whether Plaintiff received the Order and Notice is unknown.

On November 17, 2016, the Mississippi Department of Corrections (MDOC) Defendants filed a Motion for Summary Judgment, submitting that Plaintiff failed to exhaust his available administrative remedies as to any of the claims asserted and stated no cognizable claim. (ECF No. 22). Plaintiff did not respond to the Motion for Summary Judgment. Because it was unknown whether Plaintiff received the Order Setting Omnibus Hearing, an Order to Show Cause issued on December 6, 2016, requiring Plaintiff to appear at the scheduled December 14, 2016, omnibus hearing and show cause why this action should not be dismissed for the reasons asserted in Defendants' Motion for Summary Judgment. Plaintiff was advised:

> If Plaintiff failed to properly exhaust available administrative remedies before filing this suit, dismissal is mandatory. *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012). Plaintiff's failure to appear at the omnibus hearing and to comply with this Order subjects this case to dismissal without further notice to Plaintiff."

(ECF No. 24).

According to United States Postal Service Tracking, no authorized recipient was available when the Order to Show Cause was delivered to Plaintiff's address of record on December 9, 2016. A notice was left for Plaintiff, advising him that a certified letter addressed to him was available for pickup. Plaintiff did not claim the certified letter. The letter was held by the Postal Service for the maximum hold time allowed. The letter was then returned to the Court marked "Return to Sender. Not deliverable as addressed. Unable to forward." (ECF No. 29).

On December 14, 2016, an omnibus hearing was held. Plaintiff failed to appear. An Order to Show Cause issued, requiring Plaintiff to file a response in

writing on or before December 28, 2016, showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders should not result in dismissal of his case for failure to prosecute. Plaintiff was "specifically warned that failure to comply with this Order by timely filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (ECF No. 27).

On December 14, 2016, the Order to Show Cause was mailed to Plaintiff via certified mail to his address of record in Meridian. Plaintiff signed for the certified mail on December 17, 2016, but he did not file a written response by December 28, 2016, nor ask for more time to file a response.

## LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a lawsuit based on the failure of a plaintiff to prosecute his claims or comply with any order of the court. "[T]he court possesses the inherent authority to dismiss [an] action *sua sponte*, without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser

sanctions that proved to be futile." *Berry v. CIGNA/RSI,* 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds that there exists a clear pattern of delay and contumacious conduct on the part of Plaintiff. The Court has repeatedly prompted Plaintiff to prosecute his claims. While it is unknown whether Plaintiff received the Order Setting Omnibus Hearing, the reason that Plaintiff did not receive the December 6, 2016, Order to Show Cause is because Plaintiff did not pick up the certified letter from the Postal Service. After Plaintiff failed to appear at the omnibus hearing, the undersigned allowed Plaintiff another opportunity to prosecute his claims by issuing an Order to Show Cause on December 14, 2016. Plaintiff definitively received the second Order to Show Cause because he signed for the certified letter containing the Order. Plaintiff did not respond by the deadline set by the Court, despite being warned that his failure to respond would likely result in this lawsuit being dismissed for lack of prosecution. Because Plaintiff is proceeding *pro se*, the failure or refusal to respond to the Court's Orders can only be attributed to Plaintiff himself.

There is no reason to conclude that lesser sanctions would prompt diligent prosecution. Since his release from SMCI, Plaintiff has made no attempt to prosecute his claims. Plaintiff has refused to abide by the Orders of the Court, despite being expressly warned that his failure would result in dismissal of his lawsuit. Accordingly, the undersigned concludes that this lawsuit should be

dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and abide by the Court's Orders.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 4th day of January, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE