IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARCO MOUTON** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:16cv73-HSO-JCG** |
| | § | |
| | § | |
| **MARSHALL FISHER,** *et al.* | § | **DEFENDANTS** |

### ORDER ADOPTING MAGISTRATE JUDGE'S [30] REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND TO ABIDE BY THE COURT'S ORDERS

This matter comes before the Court on the Report and Recommendation [30] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 4, 2017. Based upon his review of the pleadings and relevant legal authority, the Magistrate Judge recommended that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders. R. & R. [30] at 4-5. For the reasons that follow, the Court finds that the Report and Recommendation [30] should be adopted in its entirety as the finding of this Court and this case should be dismissed without prejudice.

I. BACKGROUND

Plaintiff Marco Mouton ("Plaintiff") filed a pro se Complaint [1] in this Court on February 29, 2016, and is proceeding *in forma pauperis*. The Complaint asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Marshall Fisher, Hubert

1

Davis, and Darlene Nix.  Compl. [1] at 1.  At the time he filed the Complaint, Plaintiff was incarcerated at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.  *See id.*  On October 11, 2016, Plaintiff filed a Notice of Change of Address, which appeared to indicate that he had been released from custody and was residing in Meridian, Mississippi.  Notice [20] at 1.

On October 12, 2016, the Magistrate Judge entered an Order setting an omnibus hearing for December 14, 2016, which was to serve "as a *Spears*[1] hearing and a case management hearing."  Order [21] at 1.  The parties were ordered to appear and were warned that if they failed to appear for the hearing as required by the Order, "they may be sanctioned."  *Id.* at 3.  Plaintiff was also warned that "failure to keep the Court informed of his current address or to abide by orders of the Court may result in dismissal of this lawsuit."  *Id.*  The Court never received a return from the United States Postal Service indicating whether the Order [21] had been delivered to Plaintiff.

On November 17, 2016, Defendants Hubert Davis and Marshall Fisher filed a Motion for Summary Judgment [22], asserting that Plaintiff had failed to exhaust available administrative remedies prior to bringing this lawsuit.  Defs.' Mot. [22] at 1-2.  Plaintiff did not respond to the Motion [22].  On December 6, 2016, the Magistrate Judge entered an Order to Show Cause [24], which ordered Plaintiff to

> appear for the omnibus hearing set for December 14, 2016, at 3:30 pm in Courtroom 683 (Gulfport) before the undersigned and show cause why this case should not be dismissed for the reasons submitted in Defendants' Motion for Summary Judgment.  Plaintiff shall also be

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

>prepared at the omnibus hearing to address whether he exhausted available administrative remedies regarding the claims against Defendant Darlene Nix before filing this suit.  If Plaintiff failed to properly exhaust available administrative remedies before filing this suit, dismissal is mandatory.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Plaintiff's failure to appear at the omnibus hearing and to comply with this Order subjects this case to dismissal without further notice to Plaintiff.

Order to Show Cause [24] at 1-2.

On December 6, 2016, the Order to Show Cause [24] was mailed to Plaintiff at his address of record via certified mail return receipt requested, along with a copy of the previous Order [21] setting the omnibus hearing.  According to the Postal Service's tracking service, a notice was left at Plaintiff's address on December 9, 2016, because no authorized recipient was available.  On December 29, 2016, the Postal Service considered the envelope unclaimed because the maximum hold time had expired.  The envelope containing the Orders [21], [24] was then returned to the Court as undeliverable.  Return [29] at 1.

Plaintiff failed to appear at the omnibus hearing.  *See* Dec. 14, 2016, Minute Entry.  On December 14, 2016, the Magistrate Judge entered a Show Cause Order [27] requiring Plaintiff to file a written response by December 28, 2016, "showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders requiring him to keep the Court apprised of his current address should not result in dismissal of this suit for failure to prosecute."  Order [27] at 1.  Plaintiff was "specifically warned that failure to comply with this Order by timely filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b)

for failure to prosecute." *Id.* The Show Cause Order [27] was mailed via certified mail return receipt requested, and was received by Plaintiff on December 17, 2016. Return [28] at 1. Plaintiff did not respond to the Show Cause Order [27].

On January 4, 2017, the Magistrate Judge entered a Report and Recommendation [30], recommending that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders. R. & R. [30] at 4-5. The Report and Recommendation [30] was mailed to Plaintiff on January 4, 2017, via certified mail return receipt requested, and was returned to the Court as "UNCLAIMED." Return [31] at 1.

Any objection to the Magistrate Judge's Report and Recommendation [30] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [30].

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the

Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [30] as the opinion of this Court, and this civil action will be dismissed without prejudice for Plaintiff's failure to prosecute and to abide by the Court's Orders.

Even under a *de novo* review, the result would not change. This Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link*, 370 U.S. at 629-30.

Plaintiff has filed nothing in this case since he updated his address with the Court on October 11, 2016. *See* Notice [20] at 1. Nor did Plaintiff submit any type of response by the December 28, 2016, deadline set forth in the Magistrate Judge's Show Cause Order or seek additional time to respond, despite being specifically warned that failure to comply with the Magistrate Judge's Order by timely filing a written response would result in an immediate recommendation that this case be dismissed. *See* Order [27] at 1. Plaintiff did not claim from the Postal Service the

envelopes containing the Magistrate Judge's Orders [21], [24] or the Report and Recommendation [30]. Such inaction represents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue this case. Dismissal is warranted.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [30] of United States Magistrate Judge John C. Gargiulo, entered on January 4, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and to abide by the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 23rd day of March, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE